**John Taylor Lee et al., Commissioners of Highways, v. The People of the State of Illinois, ex rel. A. N. Barbee et al.**

1. MANDAMUS—*when does not lie against commissioners of highways.* *Mandamus* does not lie to compel commissioners of highways to reimburse a township road fund to the extent of money expended in improving a road where it appeared that such money arose by virtue of an illegal tax levied pursuant to the petition of taxpayers and voluntarily paid by such taxpayers.

*Mandamus* proceeding. Appeal from the Circuit Court of Clark County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1905. Reversed, without remandment. Opinion filed November 24, 1905.

GOLDEN & SCHOLFIELD, for appellant.

HOLLENBECK & BELL, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Fifty-seven landowners of Westfield township in Clark

County presented their petition to the town clerk of that township asking that a vote be taken to raise a tax upon all the taxable property in said township for the purpose of constructing and maintaining a gravel road to be located as follows :

"Road No. 1. Commencing at the Coles County line on the Charleston and Marshall road, thence running east to the township line on the east side of said town.

"Road No. 2. Commencing at the township line, between sections thirty-one and thirty-two on the road running north and south, thence north to the Coles County line."

A portion of the proposed road so described and petitioned for was within the corporate limits of the village of Westfield in the township of the same name. Such proceedings were had thereafter that a tax was duly levied and paid to the highway commissioners of the township in the sum of about $1,675. Such commissioners acting under the authority of the petition, expended about $300 of the sum so raised upon the road so designated in the petition, within the corporate limits of the village.

This suit was brought in *mandamus* to compel the commissioners to expend upon the road outside of the village such sum of about $300, the petitioners for *mandamus* alleging in their petition that said sum had been wrongfully paid out by the commissioners within the village limits in improving the street which was a continuation of the highway or road described in the petition; but there is no claim made that the road outside of the village has not been properly graveled or that the commissioners have failed to do their duty upon the outside road, the contention being that as the commissioners had no authority in law to thus expend the money within the village limits, *mandamus* would lie to compel them to restore the money to its proper use and spend it upon the public road outside of said village.

Upon the trial of the case in the Circuit Court the court granted the peremptory writ of *mandamus* and directed

the highway commissioners to expend said sum of about $300 upon the roads outside of the village, and from that order the commissioners have brought the suit to this court by appeal.

The only question for us to decide is whether or not the petitioners have shown such a clear right to the writ of *mandamus* that the court should order the money already expended by the commissioners to be in effect restored to the township road fund. It is argued by the commissioners that the tax itself was illegal and void, because the petition which is the basis of the tax collection asks for the graveling and improving of a road that passes into and through a village. The description of the road or roads sought to be improved starts and ends at definite points, with no exception or reservation therefrom, in any way, of so much of the territory as lies within the village limits. The tax levied in pursuance of the prayer of the petition was levied for the improvement of a road or roads, a part of which lay in an incorporated village. Such a tax has been held by our Supreme Court to be illegal. People v. C. & N. W. Ry. Co., 118 Ill. page 520.

The law is well settled in this state that the jurisdiction of villages and cities over their streets is exclusive and that the commissioners of highways of towns including such municipal organizations have no jurisdiction over any road or bridges lying within the corporate limits. Lee v. People, 172 Ill. page 71.

The commissioners had no power to act within the village limits, and what they did therein must be held to be unauthorized in law, but the lack of authority did not arise for the first time in the use or expenditure of the money. The petition itself was unauthorized for the same reason and all proceedings following it were also unauthorized. It would not be just for the taxpayers to petition the commissioners to expend money illegally and then after the commissioners had received the tax from voluntary taxpayers under such an illegal proceeding and had expended it accordingly, to compel the commissioners to reimburse the township road

fund to the extent of the tax so improperly applied. It seems to us that there can be no controversy over the proposition that since the commissioners cannot legally expend money within a village, a petition asking for such a work and all proceedings based thereon would be equally illegal and inoperative.

Since there is no claim made in the case at all that any part of the road or roads embraced within the petition has not been graveled as suggested in the petition for the tax levy or that any duty by appellants in that regard remains unperformed, it would seem manifest that the sole and only purpose of this proceeding is to compel the commissioners to reimburse the road fund for an amount of money illegally expended for which they were no more at fault than the taxpayers of the town who set in motion the collection of an unwarranted and illegal tax.

Since *mandamus* only lies for the enforcement of a legal duty in favor of those who establish a clear right to have the same, this writ should have been denied.

The judgment will be reversed.

*Reversed, but not remanded.*